# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-369-FDW-DCK

| | |
|---|---|
| ELIZABETH T. PUTNAM and SARAH A. PUTNAM, as Co-Administratrix of the Estate of TERRY DALE PUTNAM, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION**<br>) **AND ORDER** |
| UNUM GROUP CORPORATION d/b/a UNUM LIFE INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion Of Defendant Unum Group Corporation To Dismiss And Request For Hearing" (Document No. 5) filed October 1, 2007. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition.

Having carefully considered the arguments, the record, the applicable authority, and the arguments of counsel at a status and motions hearing on November 8, 2007, the undersigned will respectfully recommend that Defendants motion to dismiss be <u>denied</u> without prejudice.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Elizabeth T. Putnam and Sarah A. Putnam ("Plaintiffs") filed their Complaint (Document 1-3) in this case in the Superior Court of Gaston County, North Carolina on July 31, 2007. Plaintiffs seek accidental death benefits allegedly due from an employee welfare benefit plan established and maintained by G&P Trucking, Inc., funded by an accidental death and dismemberment policy issued to G&P by Unum Group doing business as Unum Life Insurance Company of America

("Defendant"). G&P Trucking was the employer of Plaintiffs' deceased father, Terry Dale Putnam.

Mr. Putnam died on August 21, 2005 after suffering "massive head trauma" in a motor vehicle crash. (Document No. 1-10). Defendant contends that "Mr. Putnam's death was the direct result of his operation of a motor vehicle while intoxicated" and that his blood alcohol level of 0.18% was more than twice the legal limit in North Carolina. Id.

Plaintiffs contend that the deceased was covered by a group voluntary accident insurance policy, policy number CLIGSR17731, and Plaintiffs attached a copy of the policy to their Complaint. Defendant denied Plaintiffs' claim for benefits by letter on October 13, 2005, citing provisions in the policy that state claims for benefits will not be paid if a loss was "caused by, contributed to by, or resulting from:" a voluntary ingestion of a percentage of alcohol raising a presumption that the insured was driving while under the influence of alcohol, or in "an attempt to commit or commission of a crime under state or federal law." (Document No. 1-7). Defendant denied Plaintiffs' subsequent appeals.

Plaintiffs' Complaint alleges state causes of action for declaratory judgment, unfair and deceptive trade practices, estoppel and negligent misrepresentation. Plaintiffs argue that the deceased was induced to purchase the life insurance policy by G&P Trucking, who misrepresented the terms of the policy in a "Benefit News" document. (Document No. 1-9). On August 31, 2001, Defendant filed a "...Notice of Removal" (Document No. 1) contending that Plaintiffs' action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") since Plaintiffs seek to recover benefits under an employee welfare benefit plan governed by ERISA. Plaintiffs have neither moved to remand nor to amend their complaint.

On October 1, 2007, Defendant filed the pending "Motion... To Dismiss And Request For

Hearing" (Document No. 5). By Order (Document No. 8) dated October 9, 2007, the undersigned granted the motion in part and scheduled a hearing for November 8, 2007. Defendant contends that pursuant to Fed.R.Civ.P. 12(b)(6), the Complaint fails to state a claim upon which relief can be granted. Defendant principally argues that Plaintiffs' state law claims are preempted by ERISA, that the decedent's death was not covered by the policy at issue, and even if the death is covered, it was excluded from coverage by the policy.

Plaintiffs argue that the exclusions listed on the "Benefit News" flyer do not include those cited by Defendant to deny coverage and that the decedent did not know the extent of exclusions in the policy. Plaintiffs further contend that the "Benefit News" flyer is a summary plan for the policy at issue, that it is controlling, and that Plaintiffs should be awarded benefits due under the plan.

## II. STANDARD OF REVIEW

A motion to dismiss tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). As recently explained by the Supreme Court:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, ... [f]actual allegations must be enough to raise a right to relief above the speculative level....

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). The Court went on to hold that "[o]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. The Supreme Court also added in another recent decision that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III.  DISCUSSION

This case poses interesting and close questions regarding the availability of any relief to the Plaintiffs; however, the undersigned finds that dismissal at this stage of the litigation would be premature. Both parties at the recent hearing in this matter suggested that an appropriate next step would be for Plaintiffs to replead. Instead of the Court reconstruing Plaintiffs' state law claims as a cause of action under ERISA, the Court will order that Plaintiffs file an Amended Complaint, and will recommend to the Honorable Frank D. Whitney, that Defendant's motion to dismiss for now be denied without prejudice. The Court takes no position for now on the question of whether the Plaintiffs' Amended Complaint under ERISA will survive a further dispositive motion under either Rule 12 or 56 of the Federal Rules of Civil Procedure.

### IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiffs shall file an Amended Complaint on or

before **December 21, 2007**.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Motion Of Defendant Unum Group Corporation To Dismiss And Request For Hearing" (Document No. 5) be **DENIED,** without prejudice to Defendant re-file a motion to dismiss at an appropriate later date.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D. N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties and the Honorable Frank D. Whitney.

Signed: November 28, 2007

**SO ORDERED AND RECOMMENDED.**

David C. Keesler
United States Magistrate Judge